IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

BRANDON EUGENE DOUGLAS,

Plaintiff,

v.

CHILD SUPPORT ENFORCEMENT DIVISION,

Defendant.

Case No. 3:25-cv-00238-SLG

## ORDER OF DISMISSAL UPON SCREENING

On September 22, 2025, self-represented prisoner Brandon Eugene Douglass ("Plaintiff") filed a civil complaint, civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff's Complaint alleges that since January 1, 2021, he has been paying child support for a child who is not his biological child. Plaintiff claims he has written to the State of Alaska Child Support Enforcement Division ("CSED") asserting he is not the child's biological father and requesting a paternity test. Plaintiff claims CSED has not responded to him and continues to garnish his prison wages for child support despite his appeals.[2]

The Court takes judicial notice[3] that Plaintiff previously filed a Complaint to

---

[1] Dockets 1-3.

[2] Docket 1 at 3.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the

Disestablish Paternity in the Alaska state court on August 16, 2021, but that case was ultimately dismissed on July 13, 2022, after Plaintiff was unable to properly serve the defendant.[4] For relief in this case, Plaintiff seeks an order requiring CSED to perform a DNA paternity test, return all monies garnished from him for child support, and award him $25,000 in punitive damages.[5]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons explained below, Plaintiff's Complaint must be dismissed because this Court must decline to exercise jurisdiction to adjudicate paternity or order the reimbursement of child support payments and associated punitive damages. The Court finds that allowing leave to file an amended complaint would be futile.[6]

## SCREENING STANDARD

---

federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.). Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[4] *Douglass, Brandon vs. Ferguson, Cheyanne,* Case No. 3KN-21-00597CI ("Case Type: Paternity - Determine Person is NOT Biological Father"), Docket Entry 08/16/2021 ("Complaint for Disestablishment of Paternity"), Docket Entry 06/08/2022 ("Notice and Order of Dismissal for Failure to Serve Defendant"), Docket Entry 07/13/2022 ("Dismissed for Lack of Service - CR 4(j), 5, or 85").

[5] Docket 1 at 3.

[6] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations).

Case No. 3:25-cv-00238-SLG, *Douglass v. Child Support Enforcement Division*
Order of Dismissal Upon Screening
Page 2 of 5
Case 3:25-cv-00238-SLG   Document 5   Filed 01/28/26   Page 2 of 5

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[8]

If a federal court dismisses a complaint, then ordinarily, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[9]

## SUBJECT MATTER JURISDICTION

The Court also has an independent obligation to determine whether it has subject-matter jurisdiction.[10] Federal courts are courts of limited subject matter jurisdiction.[11] Family law and child support proceedings are traditional matters of

---

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Lopez v. Smith,* 203 F.3d at 1127.

[10] *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"); *Wilson v. Lynch, 835 F.3d 1083, 1091* (9th Cir. 2016).

[11] *Spokeo, Inc. v. Robins,* 578 U.S. 330, 337 (2016), *as revised* (May 24, 2016). *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal

Case No. 3:25-cv-00238-SLG, *Douglass v. Child Support Enforcement Division*
Order of Dismissal Upon Screening
Page 3 of 5
Case 3:25-cv-00238-SLG     Document 5     Filed 01/28/26     Page 3 of 5

state law for determination in state court and "remain outside federal jurisdictional bounds."[12] Therefore, "federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife."[13] "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."[14]

## DISCUSSION

The Court must decline jurisdiction to consider Plaintiff's claims regarding paternity or his child custody payments because they are exclusively matters of state law.[15] The fact that Plaintiff styles his claims as violations of his constitutional due process rights does not change the analysis—at its core, this case seeks to challenge the State's determination of Plaintiff's status as the biological parent of a child.[16] Although the Court acknowledges the difficulties Plaintiff has faced in seeking relief through the administrative process and in the state court, this Court

---

courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions.").

[12] *Marshall v. Marshall,* 547 U.S. 293, 308 (2006) (citing *Ankenbrandt v. Richards,* 504 U.S. 689, 703–704 (1992)).

[13] *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968).

[14] *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.1986).

[15] *See Ankenbrandt v. Richards*, 504 U.S. at 702-704 (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees).

[16] *Cf. Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) ("This case, while raising constitutional issues, is at its core a child custody dispute.").

Case No. 3:25-cv-00238-SLG, *Douglass v. Child Support Enforcement Division*
Order of Dismissal Upon Screening
Page 4 of 5
Case 3:25-cv-00238-SLG    Document 5    Filed 01/28/26    Page 4 of 5

has no authority to adjudicate claims falling outside its subject matter jurisdiction. Because this jurisdictional deficiency cannot be cured by amendment, this case must be DISMISSED without leave to amend in federal court.[17] However, Plaintiff may of course elect to pursue any available relief through the appropriate state administrative process or in state court.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. This dismissal does not constitute a "strike" under 28 U.S.C. § 1915(g).

3. All pending motions are **DENIED as moot**.

4. The Clerk shall issue a final judgment and close this case.

DATED this 28th day of January, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[17] *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Case No. 3:25-cv-00238-SLG, *Douglass v. Child Support Enforcement Division*
Order of Dismissal Upon Screening
Page 5 of 5
Case 3:25-cv-00238-SLG   Document 5   Filed 01/28/26   Page 5 of 5